```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
_____

GERALD G. NELSON,                  )
                                   )
     Plaintiff,                    )
                                   )
v.                                 )
                                   )   No. 14-cv-2659-JPM-tmp
SLOAN D. GIBSON, Acting            )
Secretary, Department of           )
Veteran Affairs,                   )
                                   )
     Defendant.                    )
_____

                    REPORT AND RECOMMENDATION
_____
```

On August 25, 2014, plaintiff Gerald G. Nelson filed a complaint against Sloan D. Gibson, the Acting Secretary for the Department of Veteran Affairs ("Gibson"), accompanied by an application to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On August 26, 2014, the court granted Nelson's *in forma pauperis* application. Pursuant to Administrative Order 2013-05, this case has been referred to the magistrate judge for pretrial management.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i-iii). In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). Accepting all well-pleaded allegations in the complaint as true, the court "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not

exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Sec'y of Treasury, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.")

Nelson's complaint appears to bring claims of race discrimination and retaliation. Nelson's allegations, in their entirety, are that Gibson "harrasses [sic] me after filing a complaint with EEOC regarding initial incident of following me to my car. Since then, there has been ongoing harrassment [sic], discrimination and retaliation." (ECF No. 1.) Nelson

requests that Gibson be directed to "restore the plaintiff's shift that was taken from him after an [Equal Employment Opportunity ("EEO")] complaint was filed; to relieve plaintiff of unfair actions in response to claim filed against defendant." (ECF No. 1.)

Title VII makes it unlawful for an employer to discriminate against individuals based on their race, color, sex, religion, or national origin. 42 U.S.C. § 2000e-2(a)(1). A plaintiff establishes a *prima facie* case of religious discrimination under Title VII by showing that he or she (1) is a member of a protected group; (2) was subject to an adverse employment action; (3) was qualified for the position; and (4) a similarly situated, non-protected employee was treated more favorably. Clayton v. Meijer, Inc., 281 F.3d 605, 610 (6th Cir. 2002); Primes v. Reno, 190 F.3d 765, 766 (6th Cir. 1999). Title VII also forbids employer retaliation against employees for making a charge, testifying, assisting, or participating in a Title VII investigation, proceedings, or hearing. Goodsite v. Norfolk S. Ry. Co., No. 3:11CV1166, 2013 WL 3943505, at *5 (N.D. Ohio July 31, 2013) (citing Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 59 (2006)). To establish a *prima facie* case of retaliation, a plaintiff must show that he or she (1) engaged in activity protected by Title VII; (2) this exercise of protected rights was known to the employer; (3) the employer thereafter

took adverse employment action against the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action or harassment. Morris v. Oldham Cnty. Fiscal Court, 201 F.3d 784, 792 (6th Cir. 2000); see also Wright v. AutoZone Stores, Inc., 951 F. Supp. 2d 973, 996 (W.D. Mich. 2013) (citing Morris, 201 F.3d at 792). Although the requirements for establishing a *prima facie* case do not apply at the pleading stage, a plaintiff alleging discrimination must plausibly state a claim for relief in accordance with Federal Rule of Civil Procedure 8. Keys v. Humana, Inc., 684 F.3d 605, 609 (6th Cir. 2012) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)).

Nelson's complaint fails to plausibly state a claim on which relief may be granted. The complaint does not allege sufficient factual content from which a court, "informed by its judicial experience and common sense, could draw the reasonable inference" that Gibson has discriminated against Nelson on the basis of his race or retaliated against Nelson for engaging in protected EEO activity. See id. at 610. The complaint does not contain any factual information regarding any specific incidents of discrimination or retaliation. The sparse allegations do not provide fair notice of the nature of Nelson's claims or the grounds upon which the claims rest.

Because Nelson's complaint fails to state a claim, it is recommended that the complaint be dismissed. It is further recommended that, should the court dismiss the complaint, the plaintiff be granted leave to file an amended complaint, within thirty (30) days from the date this report and recommendation is adopted, that satisfies the requirements of § 1915(e)(2)(B).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 26, 2014
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY=S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**