# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| GERALD G. NELSON,<br>　　Plaintiff,<br>v.<br>SLOAN D. GIBSON, Acting<br>Secretary for Veteran Affairs,<br>　　Defendant. | No. 2:14-cv-02659-JPM-tmp |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's Report and Recommendation, filed August 26, 2014. (ECF No. 6.) In the Report and Recommendation, the Magistrate Judge recommends dismissal of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief may be granted. (ECF No. 6 at 6.) "It is further recommended that, should the court dismiss the complaint, the plaintiff be granted leave to file an amended complaint, within thirty (30) days from the date this report and recommendation is adopted, that satisfies the requirements of § 1915(e)(2)(B)." (Id.)

Pursuant to Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and

recommendations." Fed. R. Civ. P. 72(b)(2).  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee notes; accord Higgins v. Shinseki, No. 2:11-2728-JPM-dkv, 2013 WL 1966590, at *1 (W.D. Tenn. May 10, 2013) (McCalla, J.).

On August 27, 2014, Plaintiff filed a "Description of Nature of Claims/Defenses."  (ECF No. 7.)  The Description of Nature of Claims/Defenses does not explicitly object to the Magistrate Judge's Report and Recommendation.  (See id.) Therefore, the Court interprets the Description of Nature of Claims/Defenses as an amended complaint, rather than objection to the Magistrate Judge's Report and Recommendation. Accordingly, the Court reviews the Magistrate Judge's Report and Recommendation for clear error.  See Fed. R. Civ. P. 72(b) advisory committee notes.

Plaintiff Gerald G. Nelson filed a Complaint on August 25, 2014.  (ECF No. 1.)  According to the Complaint, Plaintiff's action was "brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination."  (ECF No. 1 at PageID 1.)  Plaintiff's sole allegation was that Defendant "harrasses [sic] me after filing a complaint with EEOC regarding initial incident of following me to my car. Since then, there

has been ongoing harrassment [sic], discrimination and retaliation." (Id. at PageID 2.) The entirety of Plaintiff's prayer for relief was that the Court direct Defendant to "restore the plaintiff's shift that was taken from him after an [Equal Employment Opportunity ("EEO")] complaint was filed; to relieve plaintiff of unfair actions in response to claim filed against defendant." (Id. at PageID 3.)

Based on the above allegations, the Magistrate Judge found Plaintiff's Complaint to have failed to "allege sufficient factual content from which a court, 'informed by its judicial experience and common sense, could draw the reasonable inference' that Gibson has discriminated against Nelson on the basis of his race or retaliated against Nelson for engaging in protected EEO activity." (ECF No. 6 at 5 (quoting Keys v. Humana, Inc., 684 F.3d 605, 609 (6th Cir. 2012)).) For the reasons stated in the Report and Recommendation, the Court agrees with the Magistrate Judge that Plaintiff has failed to state a claim upon which relief may be granted under Rule 12(b)(6). Accordingly, the Court hereby ADOPTS the Report and Recommendation (ECF No. 6) in its entirety. The Court hereby ORDERS that Plaintiff shall have thirty (30) days from entry of this order to file an amended complaint that satisfies the requirements of § 1915(e)(2)(B). If Plaintiff intends to rely on Plaintiff's Description of Nature of Claims/Defenses (ECF No.

7), he must file a document incorporating those allegations and specifically state that he asserts the allegations in said document as the amended complaint.

**IT IS SO ORDERED,** this 24th day of November, 2014.

/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE